IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICASH LOANS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 5147 |
| | ) | |
| AO VENTURES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant AO Ventures, LLC's ("AOV") motion to dismiss. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

Plaintiff Americash Loans, LLC ("Americash") alleges that since 1998 it has continuously used its federal registered mark "Americash Loans" in connection with a variety of loan services. Americash contends that Defendant Americash Hotline ("Hotline") offered the same types of services as Americash and used the mark "Americash Hotline," which Americash contends is a mark that is confusingly similar to the "Americash Loans" mark. Americash states that it did not give Hotline permission to use a similar mark. Americash also contends that Defendant Sharon

1

Marek ("Marek") and Defendant AOV advertised marks on their websites that were similar to Americash's mark without the permission of Americash. Americash brought the instant action and includes in its complaint federal trademark infringement claims (Count I), federal unfair competition claims (Count II), federal dilution claims (Count III), Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, claims (Count IV), Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, claims (Count V), Illinois Trademark Registration and Protection Act, 765 ILCS 1036, and related common law claims (Count VI), and Illinois common law unfair competition claims (Count VII). On December 16, 2008, Americash voluntarily moved to dismiss all claims brought against Hotline and Marek. AOV, the only remaining defendant, now moves to dismiss all claims brought against it.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168

(7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

Pursuant to Federal Rule of Civil Procedure 12(b)(7) ("Rule 12(b)(7)"), a defendant can move to dismiss an action based on the "failure to join a party" under Federal Rule of Civil Procedure 19 ("Rule 19"). Fed. R. Civ. P. 12(b)(7). For a Rule 12(b)(7) motion, the court must "accept the allegations in the complaint as true." *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001); *see also Boulevard Bank Nat. Ass'n v. Philips Medical Systems Intern. B.V.*, 15 F.3d 1419, 1422 (7th Cir. 1994)(stating that "in deciding a Rule 12(b)(7) motion to dismiss," the court "must apply Rule 19(b) if [the court] first determine[s] that the party to be joined satisfies the threshold requirements of Rule 19(a)").

Rule 19 provides in part that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed.

R. Civ. P. 19(a). When ruling on a Rule 12(b)(7) motion to dismiss, "a court may go outside the pleadings and look to extrinsic evidence." *Davis Companies*, 268 F.3d at 480 n.4.

## DISCUSSION

### I. Standing of Americash

AOV asserts that Americash lacks standing to bring the claims against AOV due to a settlement in a prior action and due to the lack of registration by Americash concerning the mark in question.

#### A. Prior Settlement with Americash Advance, LLC

AOV claims that Americash lacks standing due to a prior settlement with Americash Advance, LLC ("Advance") in another action. AOV contends that Americash has brought this action against AOV "to preclude AOV from publishing reviews and ratings of non-party Americash Advance LLC . . ., a competitor to Plaintiff." (Ans. 1). AOV contends that in case number 07 C 774, Americash brought an action against Advance, concerning its usage of Americash's mark or similar marks and the parties settled the action in September 2007 ("Settlement"). The docket for case number 07 C 774 in fact reflects such an action and the Settlement. AOV indicates that under the terms of the Settlement, Advance was permitted to continue to use its mark. However, Americash correctly points out that it is not bringing the instant action against Advance concerning its usage of the

4

"Americash" mark. Nor does Americash indicate that AOV in advertising the "Americash" mark, was acting as an agent of or on behalf of Advance or was paid by Advance to make such references. AOV acknowledges itself that it acted independently of Advance on its website. (Mem. Dis. 1-2). Americash indicates that it is bringing this action against AOV for its independent use of the "Americash" mark. In addition, in case 07 C 774, the mark at issue being used by Advance was "Americash Advance," not the "Americash" mark. (07 C 774 Compl. Par. 18).

Americash alleges in the instant action that AOV independently lists loan providers such as Advance on its website giving the false impression that AOV is providing information about various loan providers to assist consumers in finding such providers. AOV allegedly lists the loan providers to lure consumers to its website and to encourage consumers to click "Apply Now" tabs on AOV's website. Americash contends that once consumers click on tabs on AOV's website to obtain a loan from listed sources such as Advance, the consumer is actually sent to an unknown provider that has a business arrangement with AOV. Thus, the Settlement, which AOV acknowledges involved Advance's usage of the "Americash Advance" mark, is not at issue in the instant action. Americash alleges in the instant action that it owns a protected mark and is suing AOV in the instant action for using a confusingly similar mark and the Settlement does not deprive Americash of standing to bring the claims against AOV in the instant action.

AOV also argues that Americash lacks standing to enforce Advance's "Americash Advance" mark. However, Americash makes clear that it is seeking to

protect its own mark by barring use of the "Americash" mark, not the "Americash Advance" mark. (Ans. 7). Thus, whether Americash lacks standing to enforce Advance's mark is a moot point. Therefore, based on the above and at this juncture, AOV has not shown that Americash lacks standing to enforce its rights in this case against AOV.

### B. Registration of "Americash" Mark

AOV also contends that Americash lacks standing to bring the instant action since Americash has registered the mark "Americash Loans" and does not allege that AOV used such a mark. AOV contends that Americash only alleges that AOV used the "Americash" mark, which is a mark that Americash has not registered and thus Americash lacks standing to bring claims against AOV. However, as Americash correctly points out, Americash makes clear in its complaint that it is bringing claims against AOV for its usage of a mark that is "confusingly similar" to the "Americash Loans" mark. (Compl. Par. 18). AOV fails to cite any precedent that restricts trademark infringement claims to only bringing suit against defendants that use the precise mark in question. In fact, customer confusion between similar marks is a recognized part of the analysis for a trademark infringement claim. *See, e.g., AutoZone, Inc. v. Strick*, 543 F.3d 923, 926 (7th Cir. 2008)(comparing "AutoZone" mark with "Oil Zone" and "Wash Zone" marks). In addition, any analysis regarding whether marks are likely to create confusion among consumers involves factual issues such as "the area and manner of concurrent use" and evidence of "any actual

6

confusion" among consumers. *Id.* at 929. Such a review of the facts and evidence is beyond the scope of the pleadings and is premature at the motion to dismiss stage. Thus, AOV has not shown that Americash's lack of registration in the precise "Americash" mark in question used by AOV deprives Americash of standing in this case at this juncture.

II. Failure to Join Indispensable Party

AOV argues that the claims brought against it should be dismissed for failure to join an indispensable party. As indicated above, a defendant can move to dismiss an action pursuant to Rule 12(b)(7) in certain instances if the interests of a party not joined in the action would be impaired. Fed. R. Civ. P. 12(b)(7); 19. AOV argues that Americash must join Advance in the instant action since AOV is accused of using Advance's mark. AOV argues that in the absence of Advance in the instant action, Advance's ability to protect its interests would be impaired. As is explained above, Americash's position is that AOV misused the "Americash" mark independently of Advance. The focus of the instant action is solely upon AOV's usage of the "Americash" mark.

While it is possible that a ruling in this case that the "Americash" mark, that is currently being used in part by Advance, infringes on Americash's registered mark could tangentially affect Advance's interests, AOV has provided nothing more than speculation to support such a notion. AOV also argues that rulings in this case could impact the ability of third parties, such as AOV, to provide information about

7

Advance's services, and thus Advance's interests could be impacted in this case. However, based on the pleadings before us, AOV is not alleged to promote Advance's business. AOV stands accused of using its website containing the "Americash" mark to deceive customers and divert business away from the listed businesses to the hidden business not listed on AOV's website. AOV has failed to point to sufficient facts at this juncture that would show that Advance is an indispensable party in this action. If after discovery AOV acquires sufficient support for its argument, it can renew its argument at the summary judgment state. Therefore, at this juncture, we decline to dismiss the action based on Americash's failure to join Advance as a necessary party.

III.  Failure to State a Valid Claim

AOV argues that Americash has failed to state a valid claim against AOV.

A.  Claim to Harm Competitors

AOV contends that Americash is improperly using this case to harm Americash's competitors in this case. AOV accuses Americash of seeking to "silence the existence of information on the internet concerning its competitor, Advance, presumably to enhance [Americash's] own relevance in natural search rankings and enhance the advertising of its own services." (Mem. Dis. 1). AOV argues that Americash is not entitled under the law to prevent independent parties from marketing the services of competitors of Americash. However, AOV lacks any

basis to support such accusations against Americash. Americash has brought this action alleging that AOV is using a mark that is confusingly similar to Americash's mark. There is no filing by Americash in this case indicating that Americash is seeking to prevent AOV from referencing competitors of Americash when using non-infringing marks. In fact, Americash indicates that, had AOV used the mark "Americash Advance," Americash would not have taken issue with AOV's website. (Ans. 7).

### B. Non-Use of Mark

AOV also argues that Americash has failed to state a valid claim since AOV did not actually "use" Americash's mark, but displayed a third party's mark. AOV contends that "[c]ourts have routinely held that a defendant's display of non-infringing advertisements of a third party is not a 'use' of a trademark under the Lanham Trademark Act. . . ." (Mem. Dis. 9). However, AOV fails to cite any controlling precedent for that proposition, (Mem. Dis. 9), and there is a dispute whether AOV did in fact use the "Americash" mark. The Seventh Circuit has indicated that issues regarding the use of a mark involve questions of fact. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 637 (7th Cir. 2001)(stating that "the determination that a defendant's use was a non-trademark use in good faith, and the finding that consumers are not likely to be confused about the origin of a defendant's products are questions of fact"). Issues of fact cannot be resolved at the motion to dismiss stage. *Thompson*, 300 F.3d at 753.

In addition, in regard to AOV's contention that "[c]ourts have routinely held that a defendant's display of non-infringing advertisements of a third party is not a 'use' of a trademark under the Lanham Trademark Act," in this case AOV is not accused of displaying a non-infringing advertisement of Advance. Americash is contending that the display in question is infringing on Americash's mark. Thus, AOV has not shown that it is entitled to a dismissal of the claims brought against it based on its alleged non-infringing display of a third party's mark.

C. Nominative Fair Use of Mark

AOV argues that it is entitled to dismissal since its use of the Americash mark was a nominative fair use. Under the "nominative fair use defense" a defendant is protected from trademark infringement claims "when the defendant uses the plaintiff's trademarks to refer to the plaintiff's goods or services in a non-confusing manner." *DeVry Inc. v. University of Medicine and Health Sciences-St. Kitts*, 2009 WL 260950, at *5 (N.D. Ill. 2009). A case mainly relied upon for the defense is *New Kids On the Block v. News America Publishing, Inc.*, 971 F.2d 302 (9th Cir. 1992). *Id.* In *New Kids*, which AOV relies extensively upon for its motion, (Mem. Dis. 11), the Ninth Circuit was reviewing a district court's ruling on motions for summary judgment, not motions to dismiss. 971 F.2d at 304. Thus, the nominative fair use arguments presented by AOV are premature at this juncture.

In addition, we note that there is a statutory fair use defense provided in the Lanham Act. 15 U.S.C. § 1115(b)(4). However, an analysis of the fair use defense

10

involves factual issues beyond the pleadings. *Packman*, 267 F.3d at 637. Americash is entitled to present evidence that it believes negates such a defense and Americash was not required to present such information in its complaint. *See Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 650 (7th Cir. 2006)(stating that a plaintiff "need not . . . anticipate any defenses"). Thus, it is premature to address the statutory fair use defense at this juncture.

We also note that AOV has requested that the court take judicial notice of certain materials such as certain court documents and web pages. However, even if we were to take judicial notice of such materials, AOV has not presented sufficient materials to warrant dismissing all the claims brought against AOV. Also, Americash contests whether some of the materials such as the website printouts, accurately depict the websites at the time in question. The materials are reasonably contested by Americash and not proper for judicial notice. *See Galina v. I.N.S.*, 213 F.3d 955, 958 (7th Cir. 2000)(indicating that judicial notice should be taken only "of facts that cannot seriously be contested"). Americash alleges in its complaint that it is the owner of a federal registered mark and that AOV is using a mark that is confusingly similar to Americash's mark. Thus, Americash has stated valid and cognizable claims against AOV. Therefore, based on the above, we deny AOV's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we deny AOV's motion to dismiss.

                                                        Samuel Der-Yeghiayan
                                                        United States District Court Judge

Dated:   March 19, 2009